**STATE OF MINNESOTA**  **DISTRICT COURT**
**County of Hennepin**

Judicial District: Fourth
Case Type: Civil Other/Misc.

---

Nathan Fears
*Plaintiff*

vs.

RELX Inc. d/b/a LexisNexis; Credit Technologies, Inc.; Equifax Information Services, LLC
*Defendants*

# SUMMONS

---

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

1

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August 28, 2019

                                      s/ David J.S. Madgett
                                      David J.S. Madgett (#0390494)
                                      1161 E Wayzata Blvd, Suite 314
                                      Wayzata, MN 55391
                                      (612) 470-6529
                                      dmadgett@madgettlaw.com

                                      ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA** | | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District: | Fourth |
| | Case Type: | Civil Other/Misc. |

Nathan Fears
*Plaintiff*

vs.

RELX Inc. d/b/a LexisNexis; Credit Technologies, Inc. d/b/a Credit Assure; Equifax Information Services, LLC
*Defendants*

**COMPLAINT**

Plaintiff by his attorneys, for his Complaint against Defendants RELX, Inc., Credit Technologies, Inc., and Equifax Information Services, LLC ("Defendants" or "RELX", "Credit Assure" or "Equifax" respectively), upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

**Introduction**

1.  The following case involves what is known in the credit reporting industry as a mixed file consumer report. A mixed credit file occurs when a credit bureau commingles the credit histories of two different individuals into a single report.[1] The present case however also involves a steadfast refusal by the bureaus to correct the highly prejudicial false credit information contained in Mr. Fears' report. After repeated attempts to correct this information, Defendants

---

[1] *See* Consumer Fin. Prot. Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System: A review of how the nation's largest credit bureaus manage consumer data 22 (2012).

3

refused to correct the false information.[2] The effect of Defendants' actions was damage to Plaintiff's credit score frustrating, if not totally preventing, his ability to utilize the credit system. In 2019, solely based on the false information reported by Defendants, Plaintiff was rejected for a mortgage necessary to secure a new home for his family. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced this action.

## Statement of Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Minn. Stat. § 484.01, 15 U.S.C. § 1681p, and the presumption of concurrency.

3. Venue is proper pursuant to Minn. Stat. § 542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff is an adult resident of Hennepin County, Minnesota.

5. Defendants RELX and Equifax are foreign companies and consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

6. Defendant Credit Assure is a foreign unregistered reseller of consumer credit reports based on credit data it receives from the consumer files in possession of the national credit reporting bureaus (including Equifax and RELX): Defendant is a "reseller" as defined by 15 U.S.C. § 1681a(u).

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant all Defendants conducted business in the State of Minnesota and in the County of Hennepin.

---

[2] Defendant Equifax did eventually remove the information when it ceased reporting judgments as part of a national settlement. The false information still remains on Plaintiff's Consumer Report produced by RELX.

4

## Facts

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

9. Sometime prior to the fling of this action, Plaintiff reviewed his consumer report maintained by Credit Assure and the other major consumer reporting agencies and discovered that Defendants were reporting a judgment and tax lien against Plaintiff in the State of Florida.

10. In fact, there is no judgment or tax lien against Plaintiff in Florida or any other state.

11. As a reseller, Credit Assure is obligated under the Fair Credit Reporting Act ("FCRA") not to report information that is patently inaccurate.

12. On information and belief, the Defendants obtained this inaccurate information from Florida court files mistakenly believing an individual with a similar name was Plaintiff.

13. This is what is referred to in the industry as a mixed credit file situation.

14. This situation is believed to have occurred because, Defendants did nothing to assure other personally identifying information associated with the judgment was consistent with Plaintiff.

15. The end result of this was that various negative tradelines (including the aforementioned judgment and tax lien and a past-due credit card account) unrelated to Plaintiff were placed on Plaintiff's consumer reports issued by each of the Defendant CRAs.

16. On information and belief, without following reasonable procedures to verify the information as accurate, Credit Assure parroted the plainly false information provided by Equifax and RELX to Plaintiff's potential creditors flagging him as an undesirable borrower.

17. On information and belief, any reasonable investigation by Credit Assure including comparison of personally identifiable information associated with the accounts would have

readily reveled the fact that the alleged judgment, tax lien, and credit card did not belong to Plaintiff.

18. On various occasions, including via a written letters mailed to each CRA defendant on July 16, 2019, Plaintiff disputed the accuracy of the RELX and Equifax reports.

19. Despite this, the CRAs continued to report the accounts as due and owing, Equifax did however sometime later remove the disputed accounts.

20. RELX responded that it had verified the information as accurate and that the company had verified the tax lien, judgment, and credit card as belonging to Plaintiff.

21. The direct result of this false reporting and Defendants' failure to correct the false information was significant damage to Plaintiff's credit rating, thereby making it impossible for Plaintiff to obtain favorable loans and secure the home he desired.

22. As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Claims

*Count I – Negligent Noncompliance with FCRA*

*(Against All Defendants)*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The CRAs negligently failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

    b.    failing to comply with the requirements of 15 USC § 1681b;

    c.    failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d.    failing to comply with the requirements of 15 USC § 1681g;

    e.    failing to comply with the requirements of 15 USC § 1681i; and

    f.    failing to comply with the requirements of 15 USC § 1681c-2.

23.    As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

24.    Plaintiff requests attorney's fees pursuant to 15 USC § 1681o(a).

*Count II – Willful Noncompliance with FCRA*

*(Against All Defendants)*

24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    The CRAs willfully failed to comply with the requirements of FCRA, including but not limited to:

    a.    failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

    b.    failing to comply with the requirements of 15 USC § 1681b;

    c.    failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d.    failing to comply with the requirements of 15 USC § 1681g;

    e.    failing to comply with the requirements of 15 USC § 1681i; and

    f.    failing to comply with the requirements of 15 USC § 1681c-2.

27. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

28. Plaintiff requests attorney's fees pursuant to 15 USC § 1681n(a).

## Jury Demand

25. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a.    all actual compensatory damages suffered;

    b.    statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1681n;

    c.    injunctive relief prohibiting such conduct in the future;

    d.    reasonable attorney's fees, litigation expenses, and cost of suit; and

    e.    any other relief deemed appropriate by this Honorable Court.

Dated: August 28, 2019        Madgett & Klein, PLLC

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
1161 E Wayzata Blvd, Suite 314
Wayzata, MN 55391
(612) 470-6529
dmadgett@madgettlaw.com

ATTORNEYS FOR PLAINTIFF

**Acknowledgement**

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: August 28, 2019                By: /s/ David J.S. Madgett
                                      David J.S. Madgett
                                      ATTORNEY FOR PLAINTIFF